## Hatcher v. Bush.

Beck, J. 1. Where one who was a creditor of a mother and her son filed an equitable petition to have canceled a deed which had been executed by the mother and the son to another son of the mother, on the ground that the same was fraudulent and was made for the purpose of delaying and hindering petitioner in the collection of his debt, and upon the trial of· the case the evidence showed merely that the mother and son, who were debtors of the petitioner, had conveyed the property embraced in the deed to the other son for a consideration expressed in the deed, and

13

there was no evidence that the grantee in the deed had notice of the creditor's debt or that the creditor relied upon his debtors' ownership of the property for the satisfaction of his debt, which was not reduced to judgment until after the execution of the conveyance, and no other indicia of fraud appeared, the relationship of the parties alone appearing as the basis for the petitioner's contention that the transaction was fraudulent; and where it appeared also that the creditor had given his consent to his debtors for them to sell the property upon the understanding that they would turn over the proceeds to him upon his debt, it not being claimed that the grantee in the deed had notice of this understanding, the court did not err in granting a nonsuit.

2. Exceptions to rulings of the court, made in the bill of exceptions but not urged nor referred to in the brief of counsel, will be treated as abandoned. ·        *Judgment affirmed. All the Justices concur.*
                              JULY 25, 1914.

Equitable petition. Before Judge George. Crisp superior court. May 22, 1913.

*Mather M. Eakes,* for plaintiff.   *J. T. Hill,* for defendant.